UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RIO PROPERTIES, INC. a Nevada corporation,<br><br>  Plaintiff,<br><br>v.<br><br>STEWART ANNOYANCES, LTD., a California corporation; RODERICK STEWART, an individual; and ARMSTRONG HIRSCH JACKOWAY TYERMAN & WERTHEIMER, a California professional corporation,<br><br>  Defendants. | 02:01-CV-00459-LRH-PAL<br><br>ORDER |

Presently before the court is a Motion for Judgment as a Matter of Law (# 483[1]) filed by plaintiff Rio Properties, Inc. ("Rio"). Defendants Stewart Annoyances, Ltd. and Roderick Stewart (collectively "Stewart") have filed an opposition (# 498), and Rio replied (# 504).

The court will not repeat the procedural and factual background as the parties are familiar with that background. Rio is currently seeking judgment as a matter of law on the contract, equitable and declaratory relief claims. Rio argues that Stewart failed to prove at trial that the parties eliminated the artist illness/cancellation clause or that the express refund clause in paragraph

---

[1] Refers to the court's docket number.

1  2 of the Amendment did not apply and require refund of the $2,000,000 prepaid concert fee when
2  Steward cancelled the December 30, 2000, concert.  In addition, Rio argues that the "Force Majeure
3  Clause" cannot be enforced by an order imposing a forfeiture on Rio of the prepaid concert fee for
4  breach of the alleged rescheduling obligation.  Alternatively, Rio seeks an order, pursuant to Rule
5  56(d), specifying what material facts remain in dispute.
6        Stewart opposes the motion on several grounds.  First, Stewart argues that the motion is
7  inconsistent with the Ninth Circuit's decision to remand the action for a new trial.  Second, Stewart
8  argues that the motion is not timely pursuant to Rule 50(a).  Next, Stewart argues this court has
9  previously rejected the same arguments Rio raises in the present motion.  Fourth, Stewart argues
10 that Rio's motion is actually an untimely motion for summary judgment.  Finally, Stewart argues
11 that Rio has not met its burden of demonstrating that there is no evidence for a reasonable jury to
12 find for Stewart on the contract interpretation issues.
13       The court has carefully considered the parties' points and authorities along with the relevant
14 law and concludes Rio's motion should be denied.  As a procedural matter, Rio's motion is
15 untimely.  Rule 50(a) permits the court to grant judgment as a matter of law "[i]f a party has been
16 fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a
17 legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a).  Rule
18 50(b) permits a party to renew its motion "[n]o later than 10 days after the entry of judgment - or if
19 the motion addresses a jury issue not decided by a verdict, no later than 10 days after the jury was
20 discharged . . . ."  Fed. R. Civ. P. 50(b).
21       In the case sub judice, the Ninth Circuit reversed the judgment that was entered following
22 trial and remanded the case for a new trial on the merits.  (Jan. 4, 2008, Mem. (# 480) at 4.)  At this
23 point in time, a new trial has not commenced and the time period provided for in Rule 50(b) has
24 elapsed.  Thus, Rio's Rule 50 motion is untimely.  Similarly, to the extent Rio's motion is one filed
25 pursuant to Rule 56, it is also untimely as it has been filed beyond the date set in the scheduling
26

order for filing dispositive motions. For the same reason, the court will not grant Rio's alternative request under Rule 56(d).

In addition to the motion being untimely, the court finds consideration of Rio's motion would violate the mandate of the Ninth Circuit. The Court of Appeals has twice indicated that a trial is necessary to resolve the factual issues in this case. On appeal from the court's decision to grant summary judgment in favor of Rio, the Ninth Circuit indicated that there were "triable issues of material fact as to the proper meaning and scope of the integrated contract's terms that must be resolved by a finder of fact." (April 1, 2004, Mem. (# 125) at 6.) More recently, upon appeal from judgment entered following a jury trial, the Ninth Circuit reversed the judgment and remanded the case "for a new trial on the merits." (Jan. 4, 2008, Mem. (# 480) at 4.)

The rule of mandate doctrine states that whatever was before the court of appeals and disposed of by its decree is considered as finally settled. *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255-56 (1895)). The district court is bound by the decree and must carry it into execution. *Id*. However, the district court may consider and decide any matters left open by the mandate. *Id*. Here, the Ninth Circuit has directed this court to conduct a new trial on the merits. If the evidence presented during the trial would support a Rule 50 motion, Rio can raise the issue at the appropriate time.

///
///
///
///
///
///
///
///

3

1    IT IS THEREFORE ORDERED that Rio's Motion for Judgment as a Matter of Law (# 483)
2 is hereby DENIED without prejudice. The parties shall refer to the court's February 7, 2008, Order
3 (# 497) for instruction on how to proceed in this case.
4    IT IS SO ORDERED.
5    DATED this 18th day of June, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE